UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-22637

PATRICIA DEROSA,

    **Plaintiff**,

v.

ENHANCED RECOVERY COMPANY, LLC,

    **Defendant**.

_____/

## MOTION TO REMAND

Plaintiff Patricia Derosa ("Plaintiff") moves to remand this case to Miami-Dade County Court, as Defendant Enhanced Recovery Company, LLC ("Defendant"), *not only* failed to establish the three irreducible minimums of Article III standing, **but more critically**, explicitly admits in its Answer [D.E. 5] that "***Plaintiff did not suffer any concrete and particularized injury-in-fact and, therefore, does not have standing to pursue such claims***." D.E. 5 at 7. For these reasons, as discussed in more detail below, Plaintiff asks that this case be remanded to Miami-Dade County Court and that Plaintiff be awarded attorneys fees and costs.

## INTRODUCTION

Defendant invoked the jurisdiction of this Court by removing the above-captioned case from Miami-Dade County Court. Although Defendant is not required to establish subject-matter jurisdiction to remove a case *via* 28 U.S.C. § 1441(a), whether Defendant can exercise the removal mechanism and whether subject matter jurisdiction exists are separate inquires.

As the party responsible for removing the case, Defendant bears the burden of establishing federal subject matter jurisdiction on a motion to remand and, *more pointedly*, as the party responsible for invoking this Court's jurisdiction, Defendant bears the burden of establishing the

three elements of standing, *i.e.*, the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. Defendant carries these burdens at all stages of this litigation, and at this stage, Defendant has neither satisfied the standing burden it now carries, nor the overarching subject matter jurisdiction burden.

For these reasons, Plaintiff moves to remand this case for lack of subject matter jurisdiction.

## BACKGROUND

1. On June 11, 2021, Plaintiff sued Defendant in Miami-Dade County Court (Case No. 2021-018000-CC-05) for violating § 1692c(b) of the Fair Debt Collection Practices (the "FDCPA").

2. On July 22, 2021, Defendant removed Plaintiff's lawsuit to this Court pursuant to 28 U.S.C. § 1441(a). *See* D.E. 1.

## GOVERNING STANDARDS

3. "Where state and federal courts share subject matter jurisdiction, a removal statute may provide the procedural mechanism for transferring a case from one court to another, but the removal statute is not the source of subject matter jurisdiction." Orange Cty. Water Dist. v. Unocal Corp., 584 F.3d 43, 49 (2d Cir. 2009).

4. "On a motion to remand, the removing party shoulders the burden of establishing federal subject-matter jurisdiction." Bowling v. United States Bank Nat'l Ass'n, 963 F.3d 1030, 1034 (11th Cir. 2020) (*citing* Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009)).

5. "Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. **The party invoking**

**the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation**." Trichell v. Midland Credit Mgmt., 964 F.3d 990, *7 (11th Cir. 2020) (emphasis added) (*citing* and *quoting* Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).

6. Pursuant to 28 U.S.C. 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

7. Pursuant to 28 U.S.C. 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

## ARGUMENT

8. With respect to the present matter, Defendant exercised the procedural mechanism of 28 U.S.C. § 1441(a) to remove Plaintiff's case from Miami-Dade County Court to this Court and, in so doing, invoked the jurisdiction of this Court. Indeed, Defendant is not required to establish the existence of subject matter jurisdiction, nor the subcategory of Article III standing, to exercise the removal mechanism – *however* – as the party responsible for invoking this Court's jurisdiction *via* the procedural mechanism of 28 U.S.C. § 1441(a), Defendant carries both the burden of establishing subject matter jurisdiction for purposes of this Motion to Remand and, significantly, the more particularized burden of standing at this stage of the litigation.

9. Here, as the party responsible *at this stage* for bearing the burden of establishing each of the three elements of standing *and* the overarching burden of federal subject matter jurisdiction, Defendant has failed to meet these burdens.

10. Further, and more critically, in light of the fact that Defendant asserts that "**Plaintiff did not suffer any concrete and particularized injury-in-fact and, therefore, does not have standing to pursue such claims**," D.E. 5 at 7 (emphasis added), Defendant has denounced the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

existence of subject matter jurisdiction and, as such, this Court must remand this case to Miami-Dade County Court, of which has subject matter jurisdiction to hear Plaintiff's claim.

11. WHEREFORE, Plaintiff, respectfully, asks this Court to *remand* this case to Miami-Dade County Court for Defendant's failure to establish the three elements of standing, as well as the overarching burden of federal subject matter jurisdiction, and award Plaintiff attorney's fees and costs pursuant to 28 U.S. Code § 1447(c).

Dated: July 29, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:   855-529-9540

*COUNSEL FOR PLAINTIFF*

**Certificate of Compliance with Local Rule 7.1**

Pursuant to Local Rule 7.1 (a)(3), undersigned counsel for Plaintiff's conferred with counsel for Defendant, of whom stated that Defendant does oppose to the relief sought herein.

DATED: July 29, 2021

Respectfully Submitted,

/s/ Thomas Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail: tom@jibraellaw.com
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com

        The Law Offices of Jibrael S. Hindi
        110 SE 6th Street, Suite 1744
        Fort Lauderdale, Florida 33301
        Phone:    954-907-1136
        Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 29, 2021, the forgoing was electronically filed via the Court's e-filing system on all counsel of record.

        Respectfully Submitted,

        /s/ Thomas J. Patti
        **THOMAS J. PATTI, ESQ.**
        Florida Bar No.: 118377

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com