UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-22637-KMW

PATRICIA DEROSA,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

    Defendant.

_____/

## JOINT SUPPLEMENTAL MOTION TO CONSOLIDATE CASES

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff, Patricia DeRosa, and Defendant, Enhanced Recovery Company, LLC ("ERC" and collectively with Ms. DeRosa, the "Parties"), submit this Joint Supplemental Motion to Consolidate the below-identified seven (7) cases *into* the above-captioned action.

### POSTURE & BACKGROUND

1. On October 15, 2021, the Parties filed a Joint Motion to Consolidate Cases (DE 19) in this matter, seeking to consolidate six cases before this Court, this matter, (the "*DeRosa Case*"), Giselle Marin v. Enhanced Recovery Company, LLC, *Case 1:21-cv-22858-JEM*, (the "*Marin Case*"), Jocelyne Casimir v. Enhanced Recovery Company, LLC, *Case 0:21-cv-61861-JEM*, (the "*First Casimir Case*"), Leroy Darden v. Enhanced Recovery Company, LLC, *Case 1:21-cv-23182-RKA*, (the "*Darden Case*"), Reyna Olivas v. Enhanced Recovery Company, LLC, *Case 1:21-cv-23185-KMW*, (the "*Olivas Case*"), Juan Rios v. Enhanced Recovery Company, LLC, *Case 1:21-cv-23185-KMW*, (the "*Rios Case*"), and Jocelyne Casimir v. Enhanced Recovery Company, LLC, *No. 1:21-cv-23595-JLK*, (the "*Second Casimir Case*") (collectively, the "Related Cases").

2. Since the filing of the Joint Motion to Consolidate Cases, ERC has removed one additional matter to this District filed by a plaintiff represented by the same counsel that represents all of the plaintiffs in the Related Cases and asserting the same claims as asserted in the Related Cases: Resty Gonzales v. Enhanced Recovery Company, LLC, *Case 1:21-cv-23758-DPG* (the "*Gonzales Case*"), which was removed on October 25, 2021.

3. The Parties file this Joint Supplemental Motion for the Court to simultaneously consider consolidating the *Gonzales Case* along with the Related Cases into this matter.

4. The *Gonzales Case*, along with each of the Related Cases, alleges that Defendant unlawfully transmitted each plaintiff's information to a third-party in violation of 15 U.S.C. § 1692c(b).

5. The *Gonzales Case*, involves common questions of law and fact with the Related Cases, with the seminal inquiry being whether the transmission of the respective plaintiffs' information to a third party for printing and mailing a letter to them was a "communication" as defined in the Fair Debt Collection Practices Act (15 U.S.C. § 1692a(2)) and is within the scope of 15 U.S.C. § 1692c(b).

6. ERC is represented in each of the Related Cases and the *Gonzales Case* by the same undersigned counsel for ERC.

**STANDARD OF REVIEW**

7. Rule 42(a) of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may: (a) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). It is well-settled that Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes

on its dockets with economy of time and effort for itself, for counsel, and for litigants.'" Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (*citing* In re Air Crash Disaster at Fla. Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977)).

8. Courts in this District have recognized that consolidation "benefit[s] the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned." Coleman Clearing Corp. v. Gurian (In re Adler), 2008 U.S. Dist. Lexis 30521, at *1 (S.D. Fla. April 10, 2008). Thus, where – as here – "the complaints present similar claims for relief based upon a single course of conduct," consolidation is appropriate since it "promotes judicial economy by streamlining and simplifying pre-trial and discovery issues." Id; Newman v. Eagle Bldg. Techs., 209 F.R.D. 499, 501502 (S.D. Fla. July 31, 2002) (finding that class actions were "ideally situated for consolidation" since they were "based upon a single course of conduct" and consolidation would therefore "promote judicial economy by streamlining and simplifying pre-trial, discovery and class certification issues, and by reducing waste, confusion, and delay that would result from multiple trials.").

**CONSOLIDATION OF THE "RELATED CASES" IS APPROPRIATE**

9. Like the Related Cases, the plaintiff in the *Gonzales Case* alleges, among other things, that Defendant "transmitted Plaintiff's personal information to a third-party,"[1] that the third-party, "of whom Defendant transmitted Plaintiff's personal information to, compiled [the plaintiff's] personal information and prepared a letter that was to be sent to [the plaintiff] in an

---

[1] *See DeRosa Case*, D.E. 1-1 at ¶ 20; *Marin Case*, D.E. 1-2 at ¶ 20; *First Casimir Case*, D.E. 1-1 at ¶ 20; *Darden Case*, D.E. 1-1 at ¶ 20; *Olivas Case*, D.E. 1-1 at ¶ 20; *Rios Case*, D.E. 1-2 at ¶ 20; *Second Casimir Case*, D.E. 1-1 at ¶ 20; *Gonzales Case,* D.E. 1-1 at ¶ 20.

attempt to collect the [underlying consumer debt],[2] and "Defendant's transmission of [the plaintiff's] personal information to the [third-party] is an explicit violation of § 1692c(b) of the FDCPA."[3]

10. The *Gonzales Case* is based on the same alleged course of conduct as the Related Cases, *namely*, the transmission of each of the plaintiff's information to a third-party, whereby said third party used the transmitted information to prepare, compile, draft, and otherwise send a collection letter to each of the plaintiffs.

11. Given the substantial similarity between the Parties and issues of law and fact in the Related Cases and *Gonzales Case*, the Parties agree that consolidation is appropriate and would not result in any confusion of issues or prejudice to any of the Parties. The Parties further agree that consolidation would preserve judicial resources and alleviate the significant burden and costs of litigating the cases separately.

12. Each of the plaintiffs in the Related Cases and the plaintiff in the *Gonzales Case* consent to the relief requested in this motion. Counsel for Ms. DeRosa will file a copy of the instant motion in each of the Related Cases.

13. WHEREFORE, for the foregoing reasons, the Parties respectfully request that the Court grant this Motion and consolidate the *Marin Case*, the *First Casimir Case*, the *Darden Case*,

---

[2] *See DeRosa Case*, D.E. 1-1 at ¶ 22; *Marin Case*, D.E. 1-2 at ¶ 22; *First Casimir Case*, D.E. 1-1 at ¶ 22; *Darden Case*, D.E. 1-1 at ¶ 22; *Olivas Case*, D.E. 1-1 at ¶ 22; *Rios Case*, D.E. 1-2 at ¶ 22; *Second Casimir Case*, D.E. 1-1 at ¶ 22; and *Gonzales Case,* D.E. 1-1 at ¶ 22..

[3] *See DeRosa Case*, D.E. 1-1 at ¶ 28; *Marin Case*, D.E. 1-2 at ¶ 28; *First Casimir Case*, D.E. 1-1 at ¶ 28; *Darden Case*, D.E. 1-1 at ¶ 28; *Olivas Case*, D.E. 1-1 at ¶ 28; *Rios Case*, D.E. 1-2 at ¶ 28; *Second Casimir Case*, D.E. 1-1 at ¶ 28; and *Gonzales Case,* D.E. 1-1 at ¶ 28.

the *Olivas Case*, the *Rios Case*, the *Second Casimir Case* and the *Gonzales Case* into the above-captioned case, *i.e.*, the *DeRosa Case*.

| **SMITH, GAMBRELL & RUSSELL, LLP** | **THE LAW OFFICES OF JIBRAEL S. HINDI** |
|---|---|
| */s/ Richard D. Rivera*<br>Scott S. Gallagher<br>Florida Bar No. 0371970<br>sgallagher@sgrlaw.com<br>Richard D. Rivera<br>Florida Bar No. 108251<br>rrivera@sgrlaw.com<br>Nicole L. Kalkines<br>Florida Bar No. 1003293<br>nkalkines@sgrlaw.com<br>50 North Laura Street, Suite 2600<br>Jacksonville, Florida 32202<br>Tel: (904) 598-6111<br>Fax: (904) 598-6211<br><br>*Attorneys for Defendant, Enhanced Recovery Company, LLC* | */s/ Thomas J. Patti*<br>Jibrael S. Hindi, Esq.<br>Thomas J. Patti, Esq.<br>110 SE 6th Street, Suite 1744<br>Ft. Lauderdale, FL 33301<br>Tel.: (954) 907-1136<br>Fax: (855) 529-9540<br>Email: jibrael@jibraellaw.com<br>Email: tom@jibraellaw.com<br><br>*Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                      */s/ Richard D. Rivera*
                                                         Attorney